IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE NECK HAMMOCK, INC., a Delaware corporation,<br><br>Plaintiff,<br>v.<br><br>LI JIANGCHAO, an individual, and JOHN DOES 1 through 10, doing business as "Tendazon" on www.amazon.com,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR DISCOVERY AFTER DEFAULT<br><br>Case No. 2:19-cv-00504-DAK-DBP<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Dustin B. Pead |

This matter is referred to the undersigned from Judge Dale Kimball in accordance with 28 U.S.C. § 636(b)(1)(A). (ECF No. 15.) Before the court is Plaintiff, The Neck Hammock, Inc.'s Motion for Discovery. (ECF No. 28.) On March 9, 2020, a default certificate was entered as to Li Jiangchao dba Tendazon. Plaintiff now seeks "damages discovery on third-party Amazon.com ("Amazon") to determine sales information for infringing products sold by Defendant Li Jiangchao." (ECF No. 28 p. 2.) The court will grant the motion.

Plaintiff alleges Defendant sold knock-off products on Amazon that infringe on Plaintiff's intellectual property. (ECF No. 2.) Following service of process, Defendant failed to answer or defend the matter and a default certificate was entered. (ECF No. 27.)

Federal Rule of Civil Procedure 26 governs the scope and timing of discovery in civil cases. Under Rule 26(d)(1), a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," unless exempted by rules not relevant here "or by court order." Fed. R. Civ. P. 26(d)(1). Because Defendant has defaulted, the parties have not conferred as required by Rule 26(f).

This court has broad discretion over the control of discovery. *SEC v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010). Such latitude extends to allowing discovery in the absence of a Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1) (allowing a party to conduct discovery prior to a Rule 26(f) conference if ordered by the court). Other courts and this court, have allowed discovery following entry of default but prior to entry of a default judgment. *See, e.g., Clockwork IP, LLC v. Aladdin One Hour HVAC, Inc.*, No. 2:12cv1532, 2015 WL 2450195, at *2 (D. Nev. May 22, 2015) (noting the court had previously granted plaintiffs' ex parte motion to conduct "[d]amages [d]iscovery" against a defaulted defendant); *Zero Down Supply Chain Sols., Inc. v. Glob. Transp. Sols., Inc.*, No. 2:07cv400, 2012 WL 4925368, at *1-2 (D. Utah Oct. 16, 2012) (permitting discovery by the defendants, who defaulted, as to the amount of damages claimed by the plaintiffs, but disallowing discovery "about the underlying cause of [p]laintiffs' damages."); *Advantage Media Grp. v. Debnam*, No. 1:10cv95, 2011 WL 2413408, at *1 (M.D.N.C. June 10, 2011) (declining to enter a default judgment until discovery proceeded on damages).

Here, allowing discovery as to damages before entering default judgment, is supported by the record and it serves judicial economy by allowing Plaintiff to be accurate in its calculations. Defendants lack of a response has halted the adversary process. The court, therefore will exercise its discretion and allow discovery as to damages prior to a Rule 26(f) conference.

Plaintiff's Motion for Discovery is GRANTED.

DATED this 24 March 2020.

 _____
 Dustin B. Pead
 United States Magistrate Judge